1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EDUARDO M. SMALL, et al.,

11              Plaintiffs,              No. 2:09-cv-0458 GEB DAD PS

12         v.

13    MORTGAGE ELECTRONIC
      REGISTRATION SYSTEMS, INC.,
14    et al.,

15              Defendants.

16    _____/

17    EDUARDO M. SMALL, et al.,

18              Plaintiffs,              No. 2:10-cv-0342 GEB DAD PS

19         v.

20    COUNTRYWIDE HOME LOANS,
      et al.,
21
                Defendants.             FINDINGS AND RECOMMENDATIONS
22    _____/

23              Plaintiffs Eduardo M. Small and Katrina M. Small are proceeding pro se in two

24    cases in this court.  Plaintiffs' foreclosure action, case No. 2:09-cv-0458, came before the court

25    on October 30, 2009, for hearing on defendants' motion to dismiss plaintiffs' complaint pursuant

26    to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 14).  Brian J. Recor, Esq. appeared

                                    1

1  telephonically for the ten moving defendants.  Plaintiffs appeared in court on their own behalf.

2  After the parties' arguments were heard, defendants' motion to dismiss was submitted.

3          Plaintiffs' quiet title action, case No. 2:10-cv-0342, came before the court on

4  March 26, 2010 for hearing on defendant Countrywide Home Loans, Inc.'s motion to dismiss

5  plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 9.)  Brian

6  J. Recor, Esq. appeared telephonically for the moving defendant.  Plaintiffs appeared in court on

7  their own behalf.  After the parties' arguments were heard, defendant's motion was submitted.

8          Upon consideration of all written materials filed in connection with the motions in

9  both cases, the parties' arguments at both of the hearings, and the court files, the undersigned

10  recommends that defendants' motions be granted and both cases be dismissed in their entirety.

11                                    **BACKGROUND**

12  I.  Foreclosure Case

13          Plaintiffs filed their foreclosure action in this court on February 17, 2009, naming

14  three entities and two individuals as defendants, and alleging causes of action for unlawful

15  foreclosure and unlawful eviction.  On May 6, 2009, plaintiffs filed an amended complaint

16  naming three entities and eleven individuals as defendants, and alleging causes of action for

17  unlawful foreclosure, unlawful eviction, and fraud.  (Doc. No. 5.)  On June 5, 2009, plaintiffs

18  filed a second amended complaint to include exhibits not attached to their May 6, 2009 pleading.

19  (Doc. No. 10.)  The second amended complaint is the operative pleading before the court.

20          The United States Marshal filed returns of service unexecuted for defendants

21  Kristi Brockman, Nelson A. Hernandez, Carlos Sotelo, and Elizavet Meza.  (Docs. No. 19 & 33.)

22  These four defendants have not appeared in the case.

23          On September 14, 2009, the three entity defendants and seven of the individual

24  defendants – Mortgage Electronic Registration Systems, Inc., Countrywide Home Loans, Inc.,

25  Recontrust Company, N.A., Regina Myles, Abraham Bartamian, Paula Franklin, Alberta

26  Kossakowski, Veronica Vega, Lorrie Matheson, and Stacy O'Neal Haggard – filed their motion

1  to dismiss plaintiffs' second amended complaint.  (Doc. No. 14.)  The motion was fully briefed

2  and, as noted above was argued and submitted on October 30, 2009.

3  II.  Quiet Title Case

4        On October 14, 2009, after defendants had moved to dismiss plaintiffs'

5  foreclosure case but before their motion was heard, plaintiffs filed a quiet title action in the Sutter

6  County Superior Court.  (See Doc. No. 2, Def't's Notice of Removal at 2 & Ex. A.)  On February

7  9, 2010, defendant Countrywide Home Loans, Inc. removed that state court action to federal

8  court pursuant to 28 U.S.C. § 1441(b) on the basis of federal question jurisdiction, contending

9  that plaintiffs' quiet title complaint asserts claims that necessitate the adjudication of substantial

10  disputed questions of federal law.  Defendant characterized plaintiffs' state court complaint as a

11  duplicate of the plaintiff's federal foreclosure case.  (Id. at 3.)

12        On February 16, 2010, defendant Countrywide Home Loans, Inc. filed a motion to

13  dismiss plaintiffs' quiet title complaint.  (Doc. No. 9.)  The motion was fully briefed and, as

14  noted above, was argued and submitted on March 26, 2010.

15  III.  Related Case Order

16        On February 9, 2010, counsel for defendants filed a notice of related case in

17  plaintiffs' quiet title action and on April 1, 2010, a notice of related case was filed in plaintiff's

18  foreclosure case.  (Doc. No. 3 in Case No. 2:10-cv-0342; Doc. No. 34 in Case No. 2:09-cv-

19  0458.)  By order filed April 8, 2010, the two cases were related and appropriate reassignments

20  were made so that both cases are assigned to the same district judge and the same magistrate

21  judge.  (Doc. No. 16 in Case No. 2:10-cv-0342; Doc. No. 35 in Case No. 2:09-cv-0458.)

22  **PLAINTIFFS' CLAIMS**

23  I.  The Foreclosure Case (2:09-cv-0458 GEB DAD PS)

24        Plaintiffs' factual allegations and prayer for relief in this action are set forth in the

25  first 36 pages of their 166-page second amended complaint.  Factual allegations are few and are

26  obscured by conclusory assertions and argument.

1          Plaintiffs' exhibits reveal that they purchased a home located at 641 Falling Rock

2    Court in Yuba City, California on May 20, 2004.  They financed the purchase through a thirty-

3    year fixed rate V.A. mortgage loan in the amount of $261,865 secured by a First Deed of Trust

4    on the subject property and arranged through non-defendant RBC Mortgage Company.  (Doc. 10,

5    Second Amended Compl., Ex. A.)  On August 13, 2008, a Notice of Default and Election to Sell

6    Under Deed of Trust was issued by defendant Recontrust Company as trustee and agent for

7    beneficiary First American Title Insurance Company.  (Id., Ex. B.)  On November 15, 2008,

8    defendant Recontrust Company issued a Notice of Trustee's Sale setting the sale for January 20,

9    2009; a second notice was issued on December 30, 2008.  (Id., Exs. C & D.)  In a reinstatement

10   calculation dated January 3, 2009, defendant Countrywide Home Loans advised plaintiffs that

11   they could reinstate their loan and prevent foreclosure by paying the net amount of $26,978.88 by

12   January 14, 2009.  (Id., Ex. F.)  At the request of defendant Recontrust Company, a trustee's deed

13   upon sale and an assignment of deed of trust were recorded on March 6, 2009, showing transfer

14   of plaintiffs' property to defendant Countrywide for $237,545.94.  (Id., Exs. R & S.)  On March

15   12, 2009, the trustee's deed upon sale was rescinded by defendant Countrywide on the ground

16   that the foreclosure sale had been conducted in error due to failure to communicate timely notice

17   of conditions which would have warranted a cancellation of the foreclosure sale that occurred on

18   February 27, 2009.  (Id., Ex. T.)  A second Notice of Trustee's Sale was issued by defendant

19   Recontrust Company on March 20, 2009, setting the sale for April 9, 2009.  (Id., Ex. Y.)  A

20   second Trustee's Deed Upon Sale was recorded on April 22, 2009, showing transfer of plaintiff's

21   property to defendant Countrywide for $189,479.50.  (Id., Ex. Z3.)

22          The caption of plaintiffs' second amended complaint includes a list of twelve

23   entries composed of citations to twelve federal statutes and six state statutes.  (Id. at 1-4.)  In the

24   pleading, plaintiffs assert three causes of action:  (1) illegal foreclosure (id. ¶¶ 63-138); (2) illegal

25   eviction (id. ¶¶ 139-164); and (3) fraud (id. ¶¶ 165-186).  In their prayer for relief, plaintiffs

26   request a court order compelling defendants to "surrender" to them (1) "261.865.00 in gold

1    bullion for failing to produce the 'Original Deed of Trust' signed May 20th 2004"; (2) the same

2    amount in the same form "for failing to generate the 'Assignment of Deed/Mortgage' evidencing

3    lawful conveyance from RBC Mortgage to Countrywide Home Loans in the Office of the

4    Recorder Country [sic] of Sutter"; (3) "the value of all Mortgage Payments made by Plaintiff in

5    gold bullion"; and (4) "full satisfaction of the Note and Mortgage."  Plaintiffs also seek

6    "dismissal" of the foreclosure and an order requiring defendants to produce certain documents

7    and the names of all mortgage brokers, real estate brokers, developers, appraisers, mortgage

8    aggregators, investors, and other sellers of security instruments who allege an interest in the deed

9    of trust dated May 20, 2004 and recorded on May 27, 2004 as Instrument No. 2004-0014020.

10   II.  The Quiet Title Action (2:10-cv-0342 GEB DAD PS)

11               In their complaint for quiet title, plaintiffs name Countrywide Home Loans as the

12   sole defendant and allege as follows.  They are now the owners by adverse possession of the real

13   property located at 641 Falling Rock Court, in Yuba City, California.  They have possessed the

14   property by actual, open, hostile, continuous, and exclusive possession since May 30, 2004.  The

15   property is protected by a substantial enclosure, has been improved by plaintiffs, and has been

16   occupied by the plaintiffs continuously for over five years, adverse to defendant Countrywide

17   Home Loans and all other persons.  Plaintiffs' adverse possession cures any defects in the deed

18   of trust pursuant to which they initially occupied the property in May 2004.  They have paid for

19   all maintenance, improvements, utilities, and waste disposal assessments that have been assessed

20   against the property and intend to pay all future taxes levied or assessed against the property.

21   Defendant Countrywide Home Loans abandoned its case for taking possession of the property

22   when it requested dismissal of a state court suit and sought dismissal of plaintiffs' complaint in

23   case No. CIV S-09-0458 GEB DAD PS.  Plaintiffs seek to quiet title because they are unable to

24   seek modification, sell, do a short sale, or refinance because they do not know who is authorized

25   to sign a satisfaction of mortgage or a release and reconveyance, and do not know who the real

26   lender is and what the real balance is on the deed of trust recorded on the property in May 2004.

1    Plaintiffs seek a judgment that they are the fee simple owners of all rights, title,

2 and interest to the property at issue and that defendant Countrywide Home Loans does not have

3 any rights, title, estate, or interest to, or lien on, the property.

4                          **ARGUMENTS OF THE PARTIES**

5 I.  The Foreclosure Case (2:09-cv-0458 GEB DAD PS)

6        A.  Defendants' Arguments

7        Defendants seek dismissal of plaintiffs' complaint in this action pursuant to

8 Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiffs have failed to state any

9 cognizable claim.  Specifically, defendants argue that the twelve claims listed in the caption of

10 plaintiffs' second amended complaint fail to state a claim upon which relief may be granted

11 because:  (1) there is no private right of action against defendants under "H.R. 1424 T.A.R.P.,"

12 12 U.S.C. § 5201, et seq.; (2) there is no private right of action to enforce criminal statute 18

13 U.S.C. § 666; (3) there is no private right of action to enforce criminal statute 18 U.S.C. § 1344;

14 (4) plaintiffs have failed to allege sufficient or plausible facts to state a claim under 42 U.S.C. §§

15 1981 and 1982; (5) plaintiffs have failed to allege sufficient or plausible facts to state a claim

16 under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691 and1692; (6) there is no

17 private right of action to enforce criminal statute 18 U.S.C. §§ 1341 and 1343; (7) plaintiffs have

18 failed to allege sufficient or plausible facts to state a claim under 15 U.S.C. § 1125; (8) there is

19 no private right of action to enforce criminal statute 26 U.S.C. §§ 7201 and 7203; (9) there is no

20 private right of action to enforce criminal statute California Penal Code § 422; (10) plaintiffs

21 have failed to allege facts sufficient to state a claim under California Code of Civil Procedure §

22 512.10 because they have failed to allege tender, the "personal property" is unidentified, and the

23 exhibits to plaintiffs' second amended complaint show that the April 2009 Trustee's Sale was

24 proper; (11) plaintiffs have failed to allege facts sufficient to state a claim under California Code

25 of Civil Procedure §§ 1161 and 1162 because they have not alleged tender and the exhibits to

26 their second amended complaint show that the April 2009 Trustee's Sale was proper; and (12)

1  plaintiffs have failed to allege facts sufficient to state a claim under California Code of Civil

2  Procedure §§ 2924f and 2934 because they have not alleged tender and the exhibits to plaintiffs'

3  second amended complaint show that the April 2009 Trustee's Sale was proper.

4          B.  Plaintiffs' Arguments

5          Plaintiffs' timely opposition to defendants' motion consists of a short

6  memorandum of points and authorities and two copies of an "affidavit."  (Docs. No. 21, 22, 23.)

7  Defendants' arguments for dismissal are not addressed in these filings.

8          In reply to plaintiffs' opposition, defendants note that plaintiffs accuse counsel of

9  perjury and demand affidavits in support of the motion to dismiss.  Defendants correctly observe

10  that affidavits would be improper under Rule 12 and emphasize that it is plaintiffs' burden to

11  plead sufficient facts to state claims for relief.  Defendants assert that plaintiffs' opposition

12  makes no attempt to support the claims brought pursuant to 12 U.S.C. § 5201, et seq.;18 U.S.C.

13  §666; 18 U.S.C. § 1344; 18 U.S.C. §§ 1341 and 1343; 26 U.S.C. §§ 7201 and 7203; TILA, 15

14  U.S.C. § 1601 et seq.; and California Business & Professions Code § 17200, et seq.  Defendants

15  request that the court dismiss all of these claims and the claim brought by plaintiffs under

16  California Penal Code § 422 with prejudice.  Defendants also note that plaintiffs offer no support

17  for their claims of racial discrimination, fail to demonstrate that defendants were required to

18  modify plaintiffs' loan, do not address the tender requirement, and appear to base their

19  foreclosure claims on a belief that the grantee has to be physically present at the trustee's sale.

20  Defendants argue that all eleven individual defendants should be dismissed because plaintiffs'

21  opposition fails to suggest that any additional facts could be alleged to support the claims against

22  the individuals, four of whom have not been served and three of whom are not subject to this

23  court's personal jurisdiction.  Defendants request that the second amended complaint be

24  dismissed in its entirety, with prejudice.

25          After defendants filed their reply to plaintiffs' opposition, plaintiffs filed an

26  unauthorized sur-reply that was entered on the court's docket just three days prior to the hearing

of the motion.  In their belated and unauthorized filing, plaintiffs argue that the tender

requirement does not apply to them and that every mortgage assignment must be recorded.  In

support of the latter assertion, plaintiffs cite California Civil Code § 2934.  However, § 2934

provides only that any assignment of a mortgage and any assignment of the beneficial interest

under a deed of trust "may be recorded" and, if recorded, the recording of the assignment serves

as constructive notice of the contents of the recorded document.  Plaintiffs argue nonetheless that

no effective mortgage assignment occurred prior to either of defendants' foreclosure sale and that

therefore defendant Recontrust never had possession of the mortgage note and had no right to

proceed with either sale.

Plaintiffs also dispute defendants' argument that their racial discrimination

allegations lack plausible supporting facts.  Plaintiffs contend that racial discrimination is evident

from their allegation that persons were sent to evict them through threats and intimidation.

Plaintiffs argue that such an action is "consistent with the trickery, extortion, and intimidation

commonly associated with racial discrimination levied against vulnerable persons of color" and

that racial discrimination "is a plausible explanation" for a national company's use of "dirty,

underhanded, and intimidating measures" to "retaliate" against buyers in default on their

mortgage loans.  (Doc. No. 30, Pls.' Sur-reply at 3.)

In addition, plaintiffs object to defendants' argument that their fraud allegations

are based on an erroneous belief that the grantee must be physically present to have the highest

bid at a trustee's foreclosure sale.  Plaintiffs deny that characterization of their claim but then

assert that "for an individual to have participated in a 'public auction' (aka foreclosure sale), that

individual must have been physically present in order to make a 'bid' and 'tender money' to

consummate the 'sale'; otherwise the requirement of a 'public auction' would be unnecessary

and not required by CA Civil statutes." (Id. at 4.)  Plaintiffs cite the definitions of "bid" and

"absentee bid" from the web site of an auctioneers' organization and argue that defendants failed

to correctly identify themselves in the record as absentee bidders.  (Id. at 5.)  Plaintiffs conclude

1   that, even if physical presence at a public auction is not required, defendants' use of the words

2   "at sale" in various documents is "blatant fraud" and "outright perjury." (Id.)

3          Intermingled with plaintiffs' exhibits are additional points and authorities in

4   which plaintiffs cite cases that do not appear to be applicable and request sanctions against

5   defendants under Rules 11 and 60 of the Federal Rules of Civil Procedure.

6   II.  The Quiet Title Action (2:10-cv-0342 GEB DAD PS)

7          Defendant Countrywide seeks dismissal of the quiet title action for failure to state

8   a claim on which relief may be granted.  Defendant argues that plaintiffs have failed to allege the

9   elements of a quiet title claim, have offered implausible allegations of adverse possession, and

10  have failed to allege tender of the loan proceeds.

11          Plaintiffs' timely opposition to defendant's motion does not address the elements

12  of a quiet title claim or provide support for their allegations of adverse possession.  Plaintiffs

13  criticize California's non-judicial foreclosure process and reiterate arguments advanced in their

14  opposition to the motion to dismiss their foreclosure action.  Plaintiffs attack defendants' counsel

15  and assert evidentiary arguments.  Plaintiffs argue that they are not required to allege tender of

16  the loan proceeds and instead seek leave to proceed with discovery.

17          In reply, defendant observes that plaintiffs fail to address defendant's arguments

18  in support of dismissing the quiet title action.  Defendant argues that plaintiffs' failure to allege

19  tender or even the ability to tender the loan proceeds dooms their complaint for quiet title.

20  Defendant requests that the court grant its motion and dismiss the complaint with prejudice.

21                **LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS**

22          The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

23  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

24  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

25  sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901

26  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

With regard to claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Thus, pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.  In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[1]

---

[1]  "Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

**ANALYSIS**

At the outset, the court addresses defendants' requests for judicial notice of documents related to the matters at issue.  In both cases, defendants request that the court take judicial notice of the following documents recorded in the official records of the Sutter County Recorder's Office:  (1) the Deed of Trust re: plaintiffs' $261,865 loan, including Department of Veterans Affairs Guaranteed Loan and Assumption Policy Rider, recorded May 27, 2004; (2) the Notice of Default of plaintiffs' loan, recorded August 14, 2008; (3) the Notice of Trustee's Sale set for April 9, 2009 re: plaintiffs' loan, recorded March 24, 2009; (4) the Trustee's Deed Upon Sale on April 9, 2009, recorded April 22, 2009; and (5) the Corporation Grant Deed and U.S. Department of Veterans Affairs Certificate of Acceptance following April 9, 2009 Trustee's Sale re: plaintiffs' loan, recorded April 22, 2009.  (Case No. 09-cv-0458, Doc. No. 15, Req. Judicial Notice, Exs. A-E; Case No. 10-cv-0342, Doc. No. 10, Req. Judicial Notice, Exs. A-E.)

In the quiet title action, defendant requests judicial notice of six documents filed in plaintiffs' foreclosure case:  (1) plaintiffs' second amended complaint; (2) defendants' motion to dismiss; (3) plaintiffs' filings in opposition to defendants' motion to dismiss; (4) defendants' reply to plaintiffs' opposition; (5) plaintiffs' sur-reply to defendants' reply; and (6) the court's minute order taking defendants' motion to dismiss under submission after hearing on October 30, 2009.  (Case No. 10-cv-0342, Doc. No. 10, Req. Judicial Notice, Exs. F-K.)

On a motion to dismiss, the court may consider matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  A court may take judicial notice of its own files and documents filed in other courts.  Reyn's Pasta Bella, LLC v. Visa USA, Inc.,442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted

1    similar and related claims).  Accordingly, defendants' requests for judicial notice of official

2    records, including court records, are granted.

3    I.  The Foreclosure Action (2:09-cv-0458 GEB DAD PS)

4         A.  Lack of Standing

5              Defendants argue that plaintiffs lack standing to sue on eight of their claims:  the

6    claim for denial of a " mortgage workout" pursuant to TARP,[2] 12 U.S.C. § 5201, et seq. (count 1,

7    denial of workout) and the claims brought pursuant to criminal statutes 18 U.S.C. § 666 (count 2,

8    theft of federal funds); 18 U.S.C. § 1344 (count 3, frauds and swindles); 18 U.S.C. §§ 1341 and

9    1343 (count 6, wire fraud); 26 U.S.C. §§ 7201 and 7203 (count 8, tax evasion); and California

10   Penal Code § 422 (count 9, death threats).  The court agrees.

11            "The fact that a federal statute has been violated and some person harmed does

12   not automatically give rise to a private right of action."  Touche Ross & Co. v. Redington, 442

13   U.S. 560, 568 (1979).  "Instead, the statute must either explicitly create a right of action or

14   implicitly contain one."  Diaz v. Davis (In re Digimarc Corp. Derivative Litig.), 549 F.3d 1223,

15   1230 (9th Cir. 2008).

16            In creating TARP, Congress expressly provided for judicial review of the actions

17   of the Secretary of the Treasury, thus granting a private right of action against the Secretary for

18   persons or entities harmed by the Secretary's actions.  See 12 U.S.C. § 5229.  The judicial review

19   section of the Act contains no mention of a right of action against non-governmental entities,

20   such as the financial institutions that receive TARP funds.  Thus, no express right of action was

21   created.  See Gardner v. American Home Mortgage Servicing, Inc., 691 F. Supp. 2d 1192, 1203-

22   04 (E.D. Cal. 2010); Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1185

23   (N.D. Cal. 2009).  See also Manabat v. Sierra Pacific Mortgage Co., Inc., No. CV F 10-1018 LJO

24

25       [2]  Defendants erroneously describe TARP as the "Temporary Asset Redistribution
     Program."  (Doc. No. 14, Def'ts' Mot. to Dismiss, at 10.)  The acronym stands for Troubled
     Asset Relief Program (TARP), codified as the Emergency Economic Stabilization Act of 2008,
26   12 U.S.C. § 5201.  See Historical & Statutory Notes foll. 12 U.S.C. § 5201.

JLT, 2010 WL 2574161, at *11 (E.D. Cal. June 25, 2010); Robinson v. Wells Fargo Bank, N.A., No. CV 09-2066-PHX-JAT, 2010 WL 2534192, at *6 (D. Ariz. June 18, 2010); Logan v. U.S. Bank N.A., No. CV 09-08950 MMM (PLAx), 2010 WL 1444878, at *8-9 (C.D. Cal. Apr. 12, 2010).  In the absence of any indication that Congress intended to create an implied right of action against recipients of TARP funds, courts in this circuit have declined to find an implied right of action for individuals who wish to sue financial institutions.  See Pantoja, 640 F. Supp. at 1185; Manabat, 2010 WL 2574161, at *11; Robinson, 2010 WL 2534192, at **6-7; Logan, 2010 WL 1444878, at *9-10.  See also Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 509 n.9 (1990) (noting that courts must proceed with caution in deciding whether a statute provides an implied private right of action because Congress, rather than the courts, controls the availability of remedies for violation of federal statutes).

        In general, criminal statutes do not provide a private cause of action or a basis for civil liability.  See Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's dismissal of sixteen claims based on California Penal Code sections because "these code sections do not create enforceable individual rights"); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that criminal statutes 18 U.S.C. §§ 241 and 242 "provide no basis for civil liability").  While the provision of a criminal penalty does not necessarily preclude implication of a private cause of action, there must be "'at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"  Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).  See also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190-91 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone . . . and have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions.").  Here, plaintiffs have not argued that a private cause of action is implied in any criminal statute they rely upon.

/////

The court finds no statutory basis for inferring civil causes of action from TARP or the criminal statutes cited by plaintiffs.  Accordingly, plaintiffs' claims alleged under TARP, 12 U.S.C. § 5201 (denial of mortgage workout); 18 U.S.C. § 666 (theft of federal funds); 18 U.S.C. § 1344 (frauds and swindles); 18 U.S.C. §§ 1341 and 1343 (wire fraud); 26 U.S.C. §§ 7201 and 7203 (tax evasion); and California Penal Code § 422 (death threats) should all be dismissed with prejudice.

B. <u>Failure to Allege Sufficient or Plausible Facts to State a Claim</u>

1. <u>Civil Rights Claims Under 42 U.S.C. §§ 1981 and 1982</u>

After careful consideration of plaintiff's allegations of discrimination, the court agrees with defendants that plaintiffs have failed to allege a plausible claim of racial discrimination under the civil rights statutes relied upon.

Section 1981 provides that

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  The phrase "make and enforce contracts" is defined as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  The rights protected by § 1981 are protected against impairment by non-governmental discrimination as well as impairment under color of State law.  42 U.S.C. § 1981(c).  Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982.

By its terms, § 1981 protect the plaintiffs, who allege that Mr. Small is Hispanic and Mrs. Small is African-American, in the making and enforcement of contracts, as defined by

the statute, with the defendants, who are non-governmental entities and individuals.  However, plaintiffs allege only that they "were denied privileges to do a 'mortgage workout' under HR 1424 TARP as a proximate result of discrimination based on Race compared to similarly situated Caucasians."  (Doc. 10, Pls.' Second Amended Compl. ¶ 3.)  Plaintiffs' unauthorized sur-reply demonstrates that plaintiffs are unable to present factual allegations that support their claim of racial discrimination.  Plaintiffs merely argue that their attempted eviction in January 2009 by use of threats, vandalism, and terror is evidence of racial discrimination because such acts are "consistent with the trickery, extortion, and intimidation commonly associated with racial discrimination levied against vulnerable people of color."  (Doc. 30, Pls.' Unauthorized Sur-reply at 3.)  Plaintiffs argue further that the acts of defendants "suggest to a reasonable person that racial discrimination is a plausible explanation."  (Id.)

The court finds that plaintiffs' second amended complaint is devoid of factual allegations that support their claims of racial discrimination and that plaintiffs are unable to allege facts that would state a plausible claim upon which relief can be granted.  The claim or claims of racial discrimination should be dismissed for failure to state a claim.

2.  Equal Credit Violations Under 15 U.S.C. §§ 1691 and 1692

Plaintiffs' allegation that defendants violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, et seq. is based on the same conclusory assertion of racial discrimination discussed above.  The statute, which is pending amendment, provided at the relevant times that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction – (1) on the basis of race . . . ."  15 U.S.C. § 1691(a).  Section 1692 defines various terms used in the ECOA.

Circuit courts that have considered the standards for stating a claim under ECOA have developed a four-element test to determine whether a plaintiff has properly pleaded an ECOA claim.  Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009).  To satisfy the test, plaintiffs must allege that:  (1) they are members of a protected

1   class; (2) they applied for credit with defendants; (3) they qualified for credit; and (4) they were

2   denied credit, despite being qualified.  <u>Id.</u> (citing decisions of the Third, Fifth, and Tenth

3   Circuits).

4           Here, as defendants point out, plaintiffs obviously did obtain credit in the form of

5   a VA-guaranteed mortgage loan in 2004, and they have not alleged that they applied for credit

6   with any defendant, that they qualified for credit from any defendant, or that any defendant

7   denied them credit.  In their opposition to defendants' motion, plaintiffs have failed to show that

8   they can allege all four elements of an ECOA claim that they were denied an equal opportunity to

9   obtain credit in 2004 or at the time of their demand for a loan modification.  Plaintiffs' ECOA

10  claim should therefore be dismissed without leave to amend.

11                           3.  <u>False Designation of Origin Under 15 U.S.C. § 1125</u>

12          Plaintiffs' Second Amended Complaint refers to "false designation of origin" at

13  least ten times, citing 11 U.S.C. § 1125.  The Lanham Act, which concerns trademarks, provides

14  for a private right of action by any person who believes he or she is likely to be damaged by a

15  person who, in connection with any goods or services, uses in commerce "any false designation

16  of origin" that is likely to cause confusion or mistake or deceive as to the origin of his or her

17  goods or services.  15 U.S.C. § 1125(a)(1).  This provision does not appear to have any

18  application in the mortgage context.  Moreover, plaintiffs have failed to address this issue in their

19  opposition or their unauthorized sur-reply.  The court finds that plaintiffs have failed to state a

20  plausible Lanham Act claim on which relief may be granted.  Accordingly, plaintiffs' claim of

21  false designation of origin under 15 U.S.C. § 1125 should be dismissed without leave to amend.

22                       4.  <u>Violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601</u>

23          Plaintiffs' Second Amended Complaint does not include 15 U.S.C. § 1601, <u>et</u> <u>seq.</u>

24  in the list of statutes contained in the caption.  However, plaintiffs' cause of action for illegal

25  foreclosure concludes with allegations that defendant Countrywide Home Loans is subject to the

26  Truth in Lending Act, is a creditor within the meaning of the Act, and owes damages and

1    unspecified injunctive relief to plaintiffs as a result of TILA violations that are not described.

2    (Doc. No. 10, Second Amended Compl. ¶¶ 133-138.)

3           The court finds it impossible to ascertain with any degree of particularity the

4    conduct of defendants being alleged by plaintiffs as TILA violations.  As such, plaintiffs have

5    failed to place defendants on notice of the claims being asserted against them.  Plaintiffs' wholly

6    conclusory allegations fail to state a cognizable claim.

7           Moreover, any TILA claim for damages is barred because such a suit for damages

8    must be filed within one year following the alleged violation.  15 U.S.C. § 1640(e).  The failure

9    to make required disclosures for purposes of a damages claim under TILA occurs on the date

10   loan documents are signed, because on that date the buyers are in possession of all information

11   relevant to the buyers' discovery of the TILA violation and the basis for a damages claim.  Meyer

12   v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003).  Here, plaintiffs commenced

13   this suit almost five years after the mortgage loan was made and any TILA violations could have

14   occurred, and almost four years after the statute of limitations expired.

15          If plaintiffs' assertion of entitlement to injunctive relief under TILA is a demand

16   for rescission, any such claim would fail for several reasons.  To state a claim for rescission

17   under TILA, the plaintiffs must allege that they are able to tender the proceeds of their loan.  See

18   Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (holding that rescission

19   under TILA "*should* be conditioned on repayment of the amounts advanced by the lender" and

20   explaining that, because rescission is a remedy that restores the status quo ante, a borrower

21   seeking rescission is required to allege ability to tender the loan proceeds).  There are no such

22   allegations in plaintiffs' complaint.  Moreover, any claim for rescission under TILA would also

23   be time-barred, since such claims are governed by "a three-year absolute limitation on rescission

24   actions."  15 U.S.C. § 1635(f).  See also King v. State of California, 784 F.2d 910, 913 (9th Cir.

25   1986).  The three years begin to run upon the consummation of the credit transaction or upon the

26   sale of the property, whichever occurs first.  King, 784 F.2d at 913.  Plaintiffs filed this action

1    more than three years after the consummation of the loan, which occurred prior to the foreclosure

2    sale of the property.

3           Plaintiffs' TILA claims fail to state claims upon which relief may be granted, and

4    it is evident that any TILA claim plaintiffs might allege is barred by the applicable statute of

5    limitations.  Plaintiffs cannot cure the fundamental defects of their TILA claims.

6                  5.  Unfair Competition Under Cal. Bus. & Prof. Code § 17200

7           Plaintiffs' Second Amended Complaint does not include California Business and

8    Professions Code § 17200 in the list of statutes contained in the caption, but the pleading

9    contains references to this statute.  (See Doc. No. 10, Second Amended Compl. ¶¶ 3, 12.)

10   Defendants argue that plaintiffs' cursory reference to the unfair competition law is not supported

11   by the allegation of any predicate act and fails to allege how plaintiffs lost any money or property

12   as a result of any alleged act.  Defendants argue further that, to the extent that plaintiffs would

13   base an unfair competition claim on fraud, there is a complete lack of specificity for such a claim.

14          In order to bring a claim under § 17200, a plaintiff must have "suffered injury in

15   fact and . . . lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code

16   § 17204.  This statutory limitation requires that a plaintiff show he has suffered losses capable of

17   restitution.  Buckland v. Threshold Enters., Ltd., 155 Cal. App.4th 798, 817 (2007).  Restitution

18   is only possible if the § 17200 action can "restore to any person any money or property, real or

19   personal, which may have been acquired by means of such unfair competition."  Cal. Bus. &

20   Prof. Code § 17203.  Here, plaintiffs have failed to state a claim for damages under another

21   statute which would provide a basis for pursuing a claim under § 17200.  See Kariguddaiah v.

22   Wells Fargo Bank, N.A., No. C 09-5716 MHP, 2010 WL 2650492, at *7 (N.D. Cal. July 1, 2010)

23   (dismissing § 17200 claim due to plaintiff's failure to state a claim for either breach of contract

24   or wrongful foreclosure upon which the § 17200 claim was based); Powell v. Residential

25   Mortgage Capital, No. C 09-04928 JF (PVT), 2010 WL 2133011, at * 9 (N.D. Cal. May 24,

26   2010) (same); see also Berryman v. Merit Property Mgmt. Inc., 152 Cal. App. 4th 1544, 1554

(2007) ("Thus, a violation of another law is a predicate for stating a cause of action under" §
17200); Lazar v. Hertz Corp., 69 Cal. App. 4th 1494, 1505 (1999) (§ 17200 "borrows violations
of other laws . . . and makes those unlawful practices actionable").  Nor have plaintiffs stated a
claim of any other unfair or fraudulent conduct on the part of defendants that could give rise to a
claim under this provision.  See Chavez v. Bank of America, N.A., No. CV-F-09-2133
OWW/SKO, 2010 WL 1854087, at *19-20 (E.D. Cal. May 6, 2010) (discussing the "unfairness,"
as opposed to "unlawful," prong of § 17200, et seq.)

The court finds that plaintiffs have failed to state a plausible claim for relief under
California Business and Professional Code § 17200, et seq.  Because there is no indication that
plaintiffs can allege the elements of such a claim, the claim should be dismissed with prejudice.

### 6.  Fraud

Plaintiffs' third cause of action alleges fraud.  Defendants argue that plaintiffs'
bald allegation of fraud fails to satisfy the requirements of Rule 9(b) and should be dismissed.

As noted above, Rule 9 provides that "the circumstances constituting fraud . . .
shall be stated with particularity."  Fed. R. Civ. P. 9(b).  This requirement ensures that the
plaintiff gives notice to each defendant of the specific fraudulent conduct against which he or she
must defend, deters plaintiffs from filing complaints as a pretext for discovery of unknown
wrongs, protects defendants from the harm that comes from being subject to fraud charges, and
prohibits plaintiffs from unilaterally imposing on the court, parties, and society enormous social
and economic costs without any factual basis.  Bly-Magee, 236 F.3d at 1018.

At the very least, a plaintiff alleging fraud must plead evidentiary facts such as the
time, place, persons, statements, and explanations of why allegedly misleading statements were
misleading.  In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 n.7.  The Ninth Circuit has
"interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of
the false representations as well as the identities of the parties to the misrepresentation."  Alan
Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1988).  See also Cooper v.

1  Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who,

2  what, when, where, and how' of the misconduct alleged").  When asserting a fraud claim against

3  a corporation, "the plaintiff's burden . . . is even greater. . . .  The plaintiff must 'allege the names

4  of the persons who made the allegedly fraudulent representations, their authority to speak, to

5  whom they spoke, what they said or wrote, and when it was said or written.'" Lazar, 12 Cal. 4th

6  at 645 (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).

7  See also Spencer v. DHI Mortgage Co., No. CV F 09-0925 LJO DLB, 2009 WL 1930161, at *6

8  (E.D. Cal. June 30, 2009).

9          Under California law, a claim of fraud must establish the following elements:  "(a)

10  a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of

11  falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e)

12  resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (quoting Lazar v.

13  Superior Court, 12 Cal.4th 631, 638 (1996) (internal quotation marks omitted). See also Vess,

14  317 F.3d at 1105.

15          Dismissal of a fraud claim is appropriate when its allegations fail to meet the

16  required pleading standards.  Vess, 317 F.3d at 1107.  Plaintiffs' fraud claim fails to plead even

17  minimal evidentiary facts, and plaintiffs have not demonstrated that they can allege such facts

18  against any defendant.  Defendants' motion to dismiss plaintiffs' fraud cause of action for failure

19  to state a claim should be granted and plaintiffs' fraud cause of action should be dismissed.

20          C.  Failure to Allege Tender of Loan Amount

21          Defendants argue that the last three of plaintiffs' twelve enumerated claims,

22  alleging wrongful foreclosure under California Code of Civil Procedure §§ 512.010,[3] 1161, and

23  1162, and California Civil Code §§ 2924f and 2934, should be dismissed because plaintiffs have

24  not alleged their ability to tender the entire loan amount to the lender.

25

26          [3]  In the caption of plaintiffs' second amended complaint, the statute is cited as § 512.10.
Within the pleading, however, the statute is cited as § 512.010.

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112,117 (Cal. App. 2d Dist. 1971). The overwhelming majority of California district courts utilize the Karlsen rationale in examining wrongful foreclosure claims. Anaya v. Advisors Lending Group, 2009 U.S. Dist. LEXIS 68373, 2009 WL 2424037 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 U.S. Dist. LEXIS 53920, 2009 WL 1813973 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 U.S. Dist. LEXIS 14550, 1999 WL 740375 (N.D. Cal. Sept. 15, 1999).

Somera v. Indymac Fed. Bank, FSB, No. 2:09-cv-1947-FCD-DAD, 2010 WL 761221, at *8 (E.D. Cal. Mar. 3, 2010). See also Yamamoto, 329 F.3d at 1171-73 (holding that rescission under TILA "*should be* conditioned on repayment of the amounts advanced by the lender" and explaining that, because rescission is a remedy that restores the status quo ante, a borrower seeking rescission is required to allege ability to tender the loan proceeds).

Although plaintiffs' second amended complaint does not contain the word "rescission" in the prayer for relief, plaintiffs request that the court compel defendants to surrender to them full satisfaction of the note and mortgage and that the court dismiss with prejudice defendants' efforts to foreclose. Plaintiffs seek to be awarded ownership of the subject property without paying any additional money, with a full refund of the mortgage payments they made before defaulting on their loan, and with approximately half a million dollars in damages as a bonus. Plaintiffs have not alleged tender or ability to tender in their pleading and have not

1   alleged any willingness to tender the required amount.

2         Plaintiffs' claims under California Code of Civil Procedure § 512.10, California

3   Code of Civil Procedure §§ 1161 and 1162, and California Civil Code §§ 2924f and 2934 are

4   wrongful foreclosure claims.  Under California law, plaintiffs "are required to allege tender of the

5   amount of [defendant's] secured indebtedness in order to maintain any cause of action for

6   irregularity in the sale procedure."  Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109

7   (Cal. App. 1st Dist. 1996).  See also Grant v. Aurora Loan Servs., Inc., ___ F. Supp. 2d ___, ___,

8   No. CV 09-08174 MM(CTx), 2010 WL 3517399, at *8 (C.D. Cal. Sept. 10, 2010);  Saldate v.

9   Wilshire Credit Corp., 268 F.R.D. 87, 104-05 (E.D. Cal. 2010); Labra v. Cal-Western

10   Reconveyance Corp., No. C 09-2537 PJH, 2010 WL 889537, at *9 (N.D. Cal. Mar. 11, 2010).

11   The plaintiff must demonstrate both a willingness to pay and the ability to pay.  In re Worcester,

12   811 F.2d 1224, 1231 (9th Cir. 1987).

13         Plaintiffs have not alleged facts that warrant "dismissal" of the foreclosure sale,

14   but even if they had alleged such facts, they have not alleged tender or the ability to offer tender.

15   Accordingly, defendants' motion to dismiss plaintiffs' state law claims of wrongful disclosure

16   should be granted, and those claims should be dismissed with prejudice.

17   II.  The Quiet Title Action (2:10-cv-0342 GEB DAD PS)

18         Defendant Countrywide's arguments in favor of dismissal of plaintiffs' quiet title

19   action are persuasive.  Plaintiffs' complaint plainly fails to allege the elements of a quiet title

20   claim, and the pleading fails to allege facts stating a plausible claim of adverse possession.

21   Moreover, plaintiffs have admittedly not paid the debt owed, and therefore cannot quiet title.  In

22   this regard, "a mortgagor cannot quiet his title against the mortgagee without paying the debt

23   secured."  Shimpones v. Stickney, 219 Cal. 637, 649 (1934).  See also Aguilar v. Bocci, 39 Cal.

24   App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048,

25   1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation

26   under the Deed of Trust.  As such, they have not stated a claim to quiet title.").  As discussed in

1   detail above, plaintiffs' quiet title complaint does not allege that plaintiffs have tendered, or are

2   able and willing to tender, the debt secured by the subject property.  As such, plaintiffs cannot

3   state a cognizable claim for quiet title. Accordingly, plaintiffs' quiet title action should also be

4   dismissed with prejudice.

5   III.  Defendants Who Have Not Been Served

6          For the reasons set forth above, the undersigned has determined that defendants'

7   motions to dismiss should be granted and that all claims against the moving defendants in both

8   actions should be dismissed.

9          The claims against the four non-appearing defendants in plaintiffs' foreclosure

10   action should also be dismissed for two reasons.  First, "[a] District Court may properly on its

11   own motion dismiss an action as to defendants who have not moved to dismiss where such

12   defendants are in a position similar to that of moving defendants or where claims against such

13   defendants are integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir.

14   1981).  "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win

15   relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority

16   in this regard includes sua sponte dismissal as to defendants who have not been served and

17   defendants who have not yet answered or appeared.  Columbia Steel Fabricators, Inc. v.

18   Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice

19   in favor of a party which had not yet appeared, on the basis of facts presented by other defendants

20   which had appeared.").  See also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta

21   v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  Here, the four non-appearing

22   defendants are in a position similar to that of the seven individual defendants who have moved

23   for dismissal of plaintiffs' foreclosure action, and the claims of all eleven individuals and the

24   three entity defendants are integrally related.

25          Second, the four non-appearing defendants should be dismissed pursuant to

26   Federal Rule of Civil Procedure 4(m), which provides that, absent a showing of good cause, the

1   court must dismiss the action without prejudice against any defendant who was not served with a

2   summons and complaint within 120 days after the complaint was filed.  Plaintiffs have failed to

3   make a showing of good cause for their failure to locate the four unserved defendants for service

4   of process.

5          Accordingly, the undersigned will recommend that all claims against defendants

6   Kristi Brockman, Nelson A. Hernandez, Carlos Sotelo, and Elizavet Meza be dismissed along

7   with all claims against the moving defendants.

8   IV.  Whether Leave to Amend Would Be Futile

9          The undersigned has carefully considered whether plaintiffs may be able to amend

10  their second amended complaint to state any claim upon which relief can be granted.  "Valid

11  reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

12  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.

13  1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276,

14  1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not

15  have to allow futile amendments).  In this case, plaintiffs have already amended their pleading

16  and filing a third amended complaint would be futile, given the fundamental deficiencies in

17  plaintiffs' second amended complaint as addressed above.  Accordingly, the undersigned will

18  recommend that both of plaintiffs' actions be dismissed with prejudice.

19                              **CONCLUSION**

20         For the reasons set forth above, IT IS RECOMMENDED that:

21         1.  Defendants' motion to dismiss (Doc. No. 14) filed September 14, 2009 in case

22  No. 2:09-cv-0458 GEB DAD PS, be granted in its entirety pursuant to Federal Rule of Civil

23  Procedure 12(b)(6);

24         2.  Defendant's motion to dismiss (Doc. No. 9) filed February 16, 2010 in case

25  No. 2:10-cv-0342 GEB DAD PS be granted in its entirety pursuant to Federal Rule of Civil

26  Procedure 12(b)(6);  and

3.  Plaintiffs' second amended complaint in case No. 2:09-cv-0458 and plaintiffs' complaint in case No. 2:10-cv-0342 be dismissed with prejudice and both cases be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2010.


_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.pro se/small0458.0342.mots.f&r